UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-CV-22633-GAYLES

ANDRES GOMEZ,

        Plaintiff,

v.

EMPOWER "U", INC.
d/b/a http://euchc.org,

        Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Andres Gomez's Amended Motion for Relief from the Court's Order DE# 7 [ECF No. 11] (the "Motion"). The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## BACKGROUND

On July 14, 2017, Plaintiff, who is legally blind,[1] filed the instant lawsuit alleging that Defendant Empower "U", Inc., violated Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12181 *et seq.* ("ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"). Plaintiff contends that Defendant's physical facility and website (http://euchc.org) are places of public accommodation. Plaintiff alleges that Defendant's website contains access barriers that prevent him from using screen reading software to enjoy full and equal access to Defendant's website and, by virtue, its physical location. Plaintiff seeks declaratory and injunctive relief requiring Defendant to update its website to remove the

---

    1    Plaintiff states that he is unable to effectively use his computer or browse the internet without the use of screen reading software.

accessibility barriers identified in the Complaint. Plaintiff also seeks to recover his attorney's fees and costs incurred in the prosecution of this action.[2]

Upon the filing of Plaintiff's Complaint, the Court entered its ADA Notice of Court Practice, which states as follows:

> NOTICE OF COURT PRACTICE. The Complaint in this action is filed under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181 et seq. In order to assist the Court in the management of this case, and in an effort to foster early and cost-effective resolution, the parties are **ORDERED** as follows: Within fourteen (14) days of service of the Complaint, Defendant shall file a report with the Court indicating whether it admits to the violations and intends to remediate the property. If so, Defendant shall include a timeline for remediation. If, upon review of the report, the Court finds that Defendant intends to remediate the property in a timely manner, the Court will administratively close the case pending remediation. Failure to comply with **ANY** of these procedures may result in the imposition of appropriate sanctions including, but not limited to, the dismissal of this action or entry of default.

[ECF No. 7]. The Court enters a substantially similar Notice of Court Practice in all ADA remediation cases irrespective of whether the action involves a physical location or website. If the defendant files a report indicating that it intends to repair the violations identified in the Complaint in a timely manner, the Court will generally enter an order administratively closing the matter as follows[3]:

> ENDORSED ORDER staying and administratively closing case in light of [Defendant's Remediation Plan]. Within sixty (60) days of the date of this Order, Defendant shall file with the Court a

---

[2] While Plaintiff does not identify himself as a "tester" in this Complaint, the Court notes that Plaintiff identifies himself as a "tester" in other cases before this Court, *see* Complaint at ¶3, *Gomez v. Bill Ussery Motors of Cutler Bay, LLC,* No. 17-22359 (S.D. Fla. June 26, 2017), and that he has filed approximately 100 ADA lawsuits in this district in 2017 alone.

[3] The instant Motion was filed prior to Defendant filing its initial remediation plan and therefore this order has not been entered in this action. Nevertheless, the Court includes it here for context.

>        detailed remediation report regarding its efforts toward remediation. Every ninety (90) days thereafter, the parties shall file with the Court joint status reports regarding the website modifications until the defects specified in the Complaint are remediated. Either party may move to reopen this matter.

Here, Plaintiff seeks to vacate the Notice of Court Practice arguing that it provides a litigation advantage to Defendant and violates Plaintiff's constitutional right to a fair trial. The Court disagrees.

## **DISCUSSION**

A district court possesses the inherent authority to manage its docket and courtroom "with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) (noting it is well settled that a district court's inherent powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). As part of this authority, a district court also possesses "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (recognizing that the "[p]ower to stay proceedings is incidental to the power inherent in every court to control disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *see also Moore v. Potter*, 141 F. App'x 803, 807 ("We accord the district court 'broad discretion' over pre-trial matters such as discovery and scheduling.") (internal citations omitted).

The Notice of Court Practice is designed to foster the early resolution of cases in order to avoid the unnecessary expenditure of time, attorney's fees and costs, and judicial resources. The Notice of Court Practice benefits plaintiffs and defendants alike by reducing litigation expenses and more quickly achieving the removal of accessibility barriers. Indeed, courts within this

circuit have managed ADA remediation cases in a similar fashion and rejected similar arguments as those raised by Plaintiff here. *See Myers v. Myers Printing, Inc.,* 8:12-CV-708-T-30MAP, 2012 WL 1532431, at *1 (M.D. Fla. May 1, 2012) (denying plaintiff's motion for relief from the court's ADA scheduling order); *Duldulao v. GCF Ventures of Carrollwood, LLC*, 8:14-CV-643-T-36AEP, 2014 WL 3828432, at *1 (M.D. Fla. Aug. 4, 2014) (same). Nevertheless, the Court will address Plaintiff's fundamental misconceptions regarding its Notice of Court Practice.

First, the Court does not remove from the Defendant the obligation to address Plaintiff's grievances. Upon the Notice of Court Practice being entered, a defendant determines on its own accord whether to admit or deny the existence of the alleged violations and whether to agree to remediate the alleged violations. Critically, the Court's practice is triggered only by a defendant's voluntary agreement to remediate the violations identified by the plaintiff, which, incidentally, are the same violations for which the plaintiff seeks injunctive relief. Even so, the Court will not blindly accept a defendant's representation that it intends to remediate the property over some unspecified or tenuous time period.

Next, Plaintiff's contention that he is being deprived of the opportunity to be heard is similarly without merit. While the case is stayed pending remediation, the Court requires that parties file *joint* status reports every ninety (90) days until the repairs are completed. In the event a plaintiff takes issue with the earnestness of a defendant's remediation efforts, the plaintiff's concerns may be brought to the attention of the Court through a joint status report or motion to reopen. Further, once the defendant certifies that all repairs have been completed, the Court will provide the plaintiff an opportunity to inspect the subject property or website for the purpose of determining whether the identified barriers have been removed. Contrary to Plaintiff's

contention, the Court values and indeed *requires* a plaintiff's input regarding the defendant's remediation efforts.

Finally, Plaintiff's argument concerning the limitation on his ability to conduct discovery is as transparent as it is unavailing. The mere filing of a civil action does not entitle a party to engage in unfettered discovery. To that end, Rule 26 of the Federal Rules of Civil Procedure was recently amended to reflect that proportionality and cost should be at the forefront of determining the appropriate scope of otherwise relevant discovery. *See* Fed. R. Civ. P. 26(b)(1). Where a defendant, after notice, voluntarily agrees to remove the barriers identified in a plaintiff's complaint,[4] there is no proportional need for costly and inefficient discovery for which the only purpose is to generate attorney's fees. As stated by the late Honorable Theodore Klein:

> The [ADA] was never intended to turn a lofty and salutary mission into a fee-generating mill for some lawyers to exploit the statutory scheme to see how many billable hours they could cram into a case before it is either tried or settled. They do a disservice to the disabled, and to the vast majority of lawyers who carry out their duties under the ADA with skill, dedication, and professionalism.

*Brother v. Miami Hotel Invs., Ltd.*, 341 F. Supp. 2d 1230, 1233 (S.D. Fla. 2004).

## **CONCLUSION**

In accordance with the Court's broad discretion to manage cases before it, the Notice of Court Practice serves to narrow the issues and promote the cost-effective resolution of ADA cases.

Therefore, it is **ORDERED AND ADJUDGED** that:

---

[4] *See Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1365–66 (S.D. Fla. 2001) (holding that a plaintiff does not have standing to complain about alleged barriers of which he was unaware at the filing of his complaint).

1. Plaintiff's Amended Motion for Relief from the Court's Order DE# 7 [ECF No. 11] is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of October, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE